**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

GREGORY GARVIN,

               Plaintiff,

vs.

TRANSAM TRUCKING INC., MARLON
KELLEY, and RLI INSURANCE COMPANY.

               Defendants.

Civil Action No.: 4:22-cv-00062

## AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure, Rule 15, Plaintiff hereby amends his

Complaint by replacing Carolina Casualty Insurance Company as a party Defendant with RLI

Insurance Company.

## PARTIES AND JURISDICTION

1.

Plaintiff is a citizen of the State of South Carolina.  The events giving rise to this action

occurred in Chatham County, Georgia on March 20, 2020, and Plaintiff is subject to the

jurisdiction of this court.

2.

Defendant TransAm Trucking, Inc. (hereafter: "Defendant TransAm") is a foreign

corporation organized under the laws of Kansas.  Defendant TransAm's principal place of

business is located at 15910 S. Highway 169, Olathe, KS 66062.  Because Defendant TransAm

has not designated or maintained a registered agent in Georgia for service process, service is

proper on the Georgia Secretary of State pursuant to O.C.G.A. § 40-12-1 and Fed. R. Civ. P 4(h)(1)(A).

3.

Defendant TransAm is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Georgia, including and through Chatham County, Georgia.

4.

Defendant TransAm is subject to the jurisdiction of this Court pursuant to multiple authorities including Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and O.C.G.A. § 40-12-1.

5.

Defendant Marlon Kelley ("Kelley") is a resident of an unknown state and is subject to the jurisdiction of this court pursuant to multiple authorities including Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and O.C.G.A. § 40-12-1.

6.

Defendant RLI Insurance Company is a corporation with its principal place of business located at 9025 N Lindbergh Drive, Peoria, IL 61615. Defendant RLI may be served through its registered agent for service of process to Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 pursuant to Fed. R. Civ. P 4(h)(1)(A).

7.

Jurisdiction is proper in this court because there is complete diversity of citizenship between Plaintiff all Defendants.

8.

Venue is proper in this court.

## BACKGROUND

9.

On or about March 20, 2020, at approximately 12:15 pm, Plaintiff was parked at a large loading dock at Shaw Industries' logistics and warehouse facility in Chatham County, Georgia.

10.

Suddenly and without warning, Plaintiff's vehicle was struck in the front by a tractor-trailer driven by Defendant Kelley on behalf of Defendant TransAm.

11.

As a result of the collision, Plaintiff suffered a severe and permanent spine injury requiring two surgeries.

## COUNT I – NEGLIGENCE (AS TO DEFEDANT TRANSAM)

12.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 11 above as if fully restated.

13.

Defendant Kelley was negligent in driving too fast for conditions and failing to keep a proper look out for other vehicles at the loading dock.

14.

Defendant Kelley was negligent in striking Plaintiff's vehicle with Defendant TransAm's tractor-trailer.

15.

Defendant Kelley's negligence is a proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY (AS TO DEFENDANT TRANSAM)

16.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 15 above as if fully restated.

17.

At the time of the subject collision, Defendant Kelley was under dispatch for Defendant TransAm.

18.

At the time of the subject collision, Defendant Kelley was operating his vehicle on behalf of Defendant TransAm.

19.

Defendant TransAm is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Kelley in regard to the collision described in this complaint under the doctrines of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION (AS TO DEFEDANT TRANSAM)

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.

Defendant TransAm was negligent in hiring Defendant Kelley and entrusting him to drive a tractor-trailer.

22.

Defendant TransAm was negligent in failing to properly train Defendant Kelley.

23.

Defendant TransAm was negligent in failing to properly supervise Defendant Kelley.

24.

Defendant TransAm's negligence in hiring Defendant Kelley and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was a proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT IV – LIABILITY OF RLI INSURANCE COMPANY

25.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above as if fully restated.

26.

Defendant RLI provided liability coverage in the event of a motor vehicle collision involving the tractor-trailer driven by Defendant Kelley.

27.

Plaintiff is a beneficiary under said contract or policies of insurance.

28.

Plaintiff is entitled to receive payment from Defendant RLI for the tort liability of Defendant TransAm Trucking Inc. and Defendant Kelley.

## COUNT V – DAMAGES

29.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.

As a result of Defendants' negligence, Plaintiff suffered severe spine injuries and a spinal cord injury and has a claim for past medical expenses in an amount in excess of $200,000.00, a claim for future medical expenses, and a claim for past and future lost wages.

31.

As a result of Defendants' negligence, Plaintiff has suffered severe and permanent injuries and has a claim for past and future pain and suffering.

## <u>COUNT VI – PUNITIVE DAMAGES</u>

32.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 31 above as if fully restated.

33.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff prays that he have a trial on all issues and judgment against Defendants as follows:

a.     That Plaintiff recover past and future medical expenses and lost wages in an amount to be proven at trial;

-6-

b.    That Plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.    That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

d.    That Plaintiff recover such other and further relief as is just and proper.

Respectfully Submitted, This 21st day of March, 2022.

BOWEN PAINTER, LLC

_/s/ W. Andrew Bowen_
W. ANDREW BOWEN
Georgia Bar No. 071398
PAUL W. PAINTER III
Georgia Bar No. 520965
P.O. Box 15008
Savannah, GA 31416
Telephone:    912/335-1909
Facsimile:    912/335-3537
Email:        andrew@bowenpainter.com
**ATTORNEYS FOR PLAINTIFFS**

**P. JASON REYNOLDS, ESQ.**
South Carolina Bar No. 76057
(Pro Hac Vice Application To Be Filed)
SAMUELS REYNOLDS LAW FIRM, LLC
1320 Richland Street
Columbia, South Carolina 29201
Telephone: 803-779-4000
Fax: 803-779-4004
Email: jason@samuelsreynolds.com