**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

GREGORY GARVIN,

      PLAINTIFF,

v.

TRANSAM TRUCKING, INC.

      DEFENDANT.

CIVIL ACTION NO.

**4:22-cv-00062-LGW-CLR**

---

**MOTION TO QUASH PLAINTIFF'S SUBPOENA TO OPTIM NEUROSURGERY**

---

COMES NOW Defendant, TransAm Trucking, Inc., and pursuant to Fed. R. Civ. P. 45, submits this Motion to Quash Plaintiff's subpoena served upon nonparty Optim Neurosurgery. After being extended multiple times, the discovery period in this case expired over six months ago on November 6, 2023.  On May 8, 2024, Plaintiff forwarded a subpoena to Optim Neurosurgery[1] seeking its "Complete Master Billing Sheet to include CPT codes for every procedure/service at Optim Neurosurgery." (See Subpoena, attached as Ex. A).  Plaintiff served this subpoena on Optim that same day. (See Affidavit of Service, attached as Ex. B).  On May 8, 2024, undersigned counsel wrote to counsel for Plaitniff objecting to the subpoena, and requesting to schedule a telephone call to further discuss same.  The parties have since conferred twice over the telephone regarding the subpoena, but Plaintiff refuses to withdraw it.  Plaitniff maintains that the request is a "trial subpoena" seeking documents for use at trial, so the use of the subpoena after the discovery period

---

[1] Defendant's medical expert int his case is Dr. Kevin Stevenson.  Dr. Stevenson practices trough Optim Neurosurgery.

1

is appropriate.  Defendant disagrees, as Plaintiff never sought discovery on Optim during the discovery period, and thus the subpoena constitutes an improper end-run attempt conduct discovery after the discovery period in this case has expired.

The use of subpoenas seeking the production of documents under Rule 45 for trial is appropriate for the limited purposes of memory refreshment, trial preparation, or to secure original documents for use at trial, but the use of such subpoenas "may not be used as a means to engage in discovery after the discovery deadline has passed." Circle Group, LLC v. Southeastern Carpenters Reg'l Council, 836 F. Supp. 2d 1327, 1352 (N.D. Ga. 2011) (internal quotations omitted); see also Lamb v. Clayton County Schs, No. 1:19-cv-00695-WMR, 2021 U.S. Dist. LEXIS 200338, at *2 (N.D. Ga. 2021).

In Circle Group, the plaintiff sent a subpoena under Rule 45 seeking the production of documents from a nonparty over five months after discovery had expired in the case. Circle Group, LLC, 836 F. Supp. 2d at 1350-51.  The defendant filed a motion to quash, arguing amongst other things, that the request was untimely.  The plaintiff, similar to this case, argued that the subpoena was sent for purposes of trial preparation and use at trial, and was thus proper.  Judge Duffey granted the defendant's motion to quash noting that the majority of jurisdictions and courts within this Circuit consider subpoenas to constitute discovery, and such discovery would be subject to the court's discovery deadlines. Id. at 1351.  The exception to the rule for using Rule 45 subpoenas outside of the discovery period would be for using subpoenas in advance of trial "for the limited purposes of memory refreshment, trial preparation, or to secure for the use at trial original documents previously disclosed by discovery." Id. at 1352 (citing Puritan Inv. Corp. v. ASLL Corp., No. 97-cv-1580, 1997 U.S. Dist. LEXIS 19559, at *4 (E.D. Pa. 1997) ("A trial subpoena is

2

not an appropriate means of ascertaining facts or uncovering evidence.").  The court found that the subpoena at issue, which for the first time sought settlement agreements and other legal documents involving the nonparty, was not concerning memory refreshment or an original document that was already produced in discovery.  Accordingly, the plaintiff's effort to re-open discovery five months after it had expired was improper, and the court granted the defendant's motion to quash. Id.

Similarly, in Lamb, Judge Ray granted a motion to quash seven third party subpoenas seeking personnel records from the plaintiff's prior employers which were served well after the discovery period had expired, and near the time of trial. Lamb, 2021 U.S. Dist. LEXIS 200338, at *2.  Judge Ray found that subpoenas constituted an improper attempted end-run around discovery, as the party that served the subpoenas could have obtained the requested information through discovery, but did not do so.

Here, Plaitniff did not seek to obtain the information it now seeks from Optim trough a Rule 34 Request or any other permitted means during the discovery period.  The discovery period has been expired now for over six months, and the trial of this case has been set for June 4, 2024. Plaitniff should not be permitted to circumnavigate the established discovery period and the scheduling rules of this Court under the guise that the requested documents are "trial documents." Plaitniff is not seeking the original of a previously produced document, nor materials for memory refreshment – it is seeking new information.  While it is not entirely clear why Plaintiff is requesting the described materials in the subpoena, at this juncture, it would not be fair to Defendant for Plaitniff to obtain and use as exhibits new documents just prior to trial.  Accordingly, Defendant requests that the Court quash Plaintiff's subpoena to Optim, and to the extent any documents are produced prior to a ruling, exclude any documents produced from use at trial.

3

Respectfully submitted this 16th day of May 2024.

O'DANIEL McDONALD, LLC

/s/Clay S. O'Daniel
Clay S. O'Daniel
Georgia Bar No. 843070
William S. Weston
Georgia Bar No. 929666
9040 Roswell Road, Suite 500
Atlanta, GA 30350-3939
(404) 419-6300
(404) 419-6301 (fax)
codaniel@odmclaw.com
wweston@odmclaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the Plaintiff's counsel of record with a copy of the within and foregoing **MOTION TO QUASH PLAINTIFF'S SUBPOENA TO OPTUM NEUROSURGERY** using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

W. Andrew Bowen
Bowen Painter, LLC
308 Commercial Drive, Suite 100 (31406)
PO Box 15008
Savannah, GA 31416
andrew@bowenpainter.com

P. Jason Reynolds
Michael R. Parks
Samuels Reynolds Law Firm, LLC
1320 Richland Street
Columbia, South Carolina 29201
jason@samuelreynolds.com
michael@sameuelreynolds.com

This 16th day of May 2024.

/s/Clay S. O'Daniel
Clay S. O'Daniel

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Georgia

| | |
|---|---|
| GREGORY GARVIN | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   4:22-00062-LGW-CLR |
| TRANSAM TRUCKING, INC. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Optim Neurosurgery
121 North Crest Boulevard, Macon, Georgia 31210

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Complete Master Billing Sheet to include CPT codes for every procedure/service at Optim Neurosurgery
In lieu of appearance, you may email a copy of the requested documents to andrew@bowenpainter.com

| Place: Bowen Painter, LLC | Date and Time: |
|---|---|
| 308 Commercial Drive, Ste. 100 | |
| Savannah, GA 31406 | 05/22/2024 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: *MAY 8, 2024*

|  *CLERK OF COURT*  | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Gregory Garvin
_____ , who issues or requests this subpoena, are:

Paul W. Painter, III, 308 Commercial Drive, Ste. 100, Savannah, GA 31406. paul@bowenpainter.com, 912-335-1909

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit A

Civil Action No.  4:22-00062-LGW-CLR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit A

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit A

## AFFIDAVIT OF SERVICE

| Case: 4:22-00062-LGW-CLR | Court: UNITED STATES DISTRICT COURT - FOR THE SOUTHERN DISTRICT OF GEORGIA | County: | Job: 11012323 (4:22-00062-LGW-CLR) |
|---|---|---|---|
| **Plaintiff / Petitioner:** GREGORY GARVIN | | **Defendant / Respondent:** TRANSAM TRUCKING, INC | |
| **Received by:** Trinity Process Servers | | **For:** Bowen Painter Trial Lawyers | |
| **To be served upon:** Optim Neurosurgery | | | |

I, Michael Harbuck, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Optim Neurosurgery by and through Frankie Fennegan, Office Manager, 121 North Crest Boulevard, Macon, GA 31210

**Manner of Service:**   Business, May 8, 2024, 1:15 pm EDT

**Documents:**   SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**Additional Comments:**
1) Successful Attempt: May 8, 2024, 1:15 pm EDT at 121 North Crest Boulevard, Macon, GA 31210 received by Optim Neurosurgery by and through Frankie Fennegan, Office Manager. Age: 45; Ethnicity: Caucasian; Gender: Female; Weight: 130; Height: 5'4"; Hair: Blond; Other: Ms Fennegan was wearing glasses. Height is approximate, as the subject was seated at the time of service. ;

Michael Harbuck
GA CPS #294

May 8, 2024
Date

Trinity Process Servers
200 Rosewater Dr
Warner Robins, GA 31088
478-551-7378

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

5-8-24
Date

Commission Expires

HEIDI JOY HARBUCK
MY COMMISSION EXPIRES
NOTARY PUBLIC
JUNE 14, 2025
HOUSTON COUNTY, GEORGIA

Exhibit B