UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| GREGORY GARVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-062 |
| | ) | |
| TRANSAM TRUCKING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On May 8, 2024, Plaintiff Gregory Garvin served a subpoena on Optim Neurosurgery ("Optim") in Macon, Georgia. Doc. 90 at 6-9. The subpoena directs Optim to produce documents on May 22, 2024 at Plaintiff's counsel's office in Savannah, Georgia. *Id.* at 6.[1] Defendant TransAm Trucking, Inc. moved to quash the subpoena. Doc. 90. The Court held an informal conference, where the Court set an expedited briefing schedule and directed Plaintiff to instruct Optim to withhold

---

[1] Although Defendant did not raise the issue in its Motion, *see generally* doc. 90, the Court, *sua sponte*, noted during the informal conference that on its face, Plaintiff's subpoena appears to violate Rule 45(c)(2)(A)'s prohibition on requiring compliance outside of 100 miles of where the recipient "resides, is employed, or regularly transacts business." *See* doc. 90 at 6. In response, Plaintiff indicates that Optim maintains a location in Reidsville, Georgia which is less than 100 miles away from Savannah. *See* doc. 96 at 5. Defendant points out that "Plaintiff did not serve his subpoena on Optim Medical Center's location in Reidsville; rather, he served it on Optim Neurosurgery's location in Macon." Doc. 97 at 5. Because Defendant prevails on its original challenge and the subpoena is quashed, whether the subpoena is in compliance with the geographical limitations of Rule 45(c) is moot.

compliance pending further Court Order.[2]  Doc. 94.  Plaintiff has now responded to the Motion, doc. 96, and Defendant has replied, doc. 97.  For the reasons discussed below, Defendant's Motion to Quash is **GRANTED**.  Doc. 90.

Defendant argues Plaintiff's subpoena is a belated attempt to gather discovery outside of the discovery period.  Doc. 90 at 1-3.  Discovery closed in this case on November 6, 2023.  Doc. 38 at 1.  As the Northern District of Georgia explained in *Circle Group, L.L.C. v. Southeastern Carpenters Regional Council*, 836 F. Supp. 2d 1327 (N.D. Ga. 2011), "[t]he majority of jurisdictions, and courts within this Circuit, consider subpoenas issued under Rule 45 to constitute discovery and, thus, are subject to discovery deadlines established by the Court."  *Id.* at 1351-52.  Therefore, Rule 45 subpoenas cannot be used "as a means to engage in discovery after the discovery deadline has passed."  *Id.* at 1352 (quoting *Puritan Inv. Corp. v. ASLL Corp.*, 1997 WL 793569, at *1 (E.D. Pa. Dec. 9, 1997)).

There is an exception, however; Rule 45 subpoenas "may be employed in advance of trial and outside of a discovery deadline for the

---

[2] Plaintiff is **DIRECTED** to provide Optim with a copy of this Order.

2

limited purposes of memory refreshment, trial preparation, or to secure for the use at trial original documents previously disclosed by discovery." *Circle Group*, 836 F. Supp. 2d at 1352.  This is a "limited exception," and "Rule 45 subpoenas issued after the close of discovery and seeking to re-open discovery under the guise of trial preparation should be quashed." *Id.*

Plaintiff argues his subpoena falls within this exception because it "is for the limited scope of impeachment of Defendant's medical pricing expert, Ms. Tami Rockholt, and therefore constitutes legitimate trial preparation." Doc. 96 at 2.  "Impeachment evidence is evidence that is offered to discredit a witness to reduce the effectiveness of her testimony by bringing forth evidence which explains why the jury should not put faith in her or her testimony." *F.T.C. v. Nat'l Urological Grp., Inc.*, 645 F. Supp. 2d 1167, 1180 (N.D. Ga. 2008) (internal quotations and alteration omitted), *aff'd*, 356 F. App'x 358 (11th Cir. 2009).  However, if evidence is offered for both substantive and impeachment purposes, it is not used "solely for impeachment." *Ross v. Corp. of Mercer Univ.*, 506 F. Supp. 2d 1325, 1344-45 (M.D. Ga. 2007) (citations omitted).

Plaintiff's response belies his contention that the information sought from Optim will be used solely for impeachment purposes. *See* doc. 96 at 3. Since the reasonableness of Plaintiff's medical bills is an issue to be determined at trial, *see, e.g.*, doc. 76 at 38, Plaintiff plans to use the information gathered from Optim to rebut Defendant's expert's testimony "as to the purported 'reasonableness' of Plaintiff's medical bills." Doc. 96 at 2; *see also id.* at 2-4. Plaintiff wishes to use the amounts charged by Defendant's own expert neurosurgeon's practice to challenge Rockholt's testimony about the "reasonableness," or not, of Plaintiff's bills. *Id.* at 2-4. Just because the evidence might contradict Rockholt's anticipated opinions does not mean that the evidence is only impeachment evidence; on the contrary, Plaintiff relies on the evidence for the substantive purpose of establishing the reasonableness of his medical bills. *See Dunn-Carter v. Donahoe*, 2015 WL 1481072, at \*3 (N.D. Ga. Mar. 30, 2015).

As Defendant makes clear in its reply, *see* doc. 97 at 2, Plaintiff had the opportunity, during discovery, to obtain the information he now seeks on the eve of trial. He did not. Although the parties dispute the potential relevance of the requested information, *compare* doc. 96 at 2-4

4

*with* doc. 97 at 3-4, relevancy is not the inquiry. The subpoena "is not seeking documents for memory refreshment or trial preparation, and does not seek an original copy of a document that was already produced in discovery." *Circle Group*, 836 F. Supp. 2d at 1352. Instead, it contains an untimely discovery request. "The Court will not permit [Plaintiff] to circumvent the discovery deadlines set forth in this case." *Lamb v. Clayton Cnty. Schs.*, 2021 WL 4815906, at *1 (N.D. Ga. Feb. 11, 2021). Defendant's Motion to Quash is **GRANTED**. Doc. 90.

Defendant's Motion also asks the Court to "exclude any documents produced from use at trial." Doc. 90 at 3. Plaintiff did not respond to this specific request for an *in limine* ruling. *See generally* doc. 96. For the same reason the Court finds the subpoena to be an attempt to conduct out-of-time discovery, any material received in response to the subpoena that was not identified or produced during the discovery period is excluded from trial. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Guevara v.*

5

*NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019). As the nondisclosing party, Plaintiff bears the burden of establishing substantial justification or harmlessness. *Mitchell v. Ford Motor Co.*, 318 Fed. App'x 821, 824 (11th Cir. 2009). Plaintiff offers no explanation for his failure to request the Optim materials during discovery, and offers no explanation for why the use of such a belatedly-requested, and, therefore, belatedly-disclosed, document would be harmless. *See* doc. 96. Defendant offers a compelling argument that it would be prejudiced were the untimely information admitted at trial. *See* doc. 97 at 3-4. Therefore, to the extent Plaintiff receives a copy of the document, through a response to the subpoena or otherwise, *see* doc. 96-1, it is **EXCLUDED** from trial.

    **SO ORDERED**, this 28th day of May, 2024.

                                            _____
                                            CHRISTOPHER L. RAY
                                            UNITED STATES MAGISTRATE JUDGE
                                            SOUTHERN DISTRICT OF GEORGIA